IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | |
|---|---|
| OLD NATIONAL BANK ) <br> 5003 Century Avenue ) <br> Kalamazoo, MI 49006 ) <br> ) <br> *Plaintiff,* ) <br> ) <br> v. ) <br> ) <br> STEPHANIE RAWLINGS-BLAKE ) <br> A/K/A STEPHANIE C. RAWLINGS ) <br> 2234 Foxbane Square ) <br> Baltimore, MD 21209 ) <br> ) <br> *Defendant.* ) | Civil Case No. 1:25-cv-00058 |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## COMPLAINT FOR CONFESSED JUDGMENT

Plaintiff, Old National Bank, successor by merger to Capstar Bank (the "Lender"), by counsel, pursuant to Local Rule 108(1), hereby sues Defendant, Stephanie Rawlings-Blake a/k/a Stephanie C. Rawlings (the "Defendant"), and states:

1. The Lender is a national banking association with its designated main office located in Evansville, Indiana. The Lender is a citizen of Indiana for purposes of diversity. *See Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 308 (2006) (holding national banks are citizens of states where designated main office is located for purposes of citizenship under 28 U.S.C. § 1348).

2. Defendant is a domiciliary of the State of Maryland with a last known address of 2234 Foxbane Square, Baltimore, Maryland 21209.

3. The Court has jurisdiction pursuant to 28 U.S.C. §1332 because this civil action is between citizens of different states and the amount in controversy exceeds $75,000.

4.     Venue is proper in this judicial district and division pursuant to 28 U.S.C. §1391(a)(1) because the Defendant is located in this district and division. Venue is also proper pursuant to the confessed judgment provision in the Guaranty (as defined below), set forth herein.

5.     The Lender's predecessor in interest, Capstar Bank, made available to Buy-MBE, LLC and Gulf Coast Technology Corporation (collectively, the "Borrowers," and together with the Defendant, the "Obligors") a certain commercial loan (the "Loan"), material terms and conditions of which are set forth in a Business Loan Agreement dated November 8, 2023, by and between Capstar Bank and the Borrowers (the "Loan Agreement"). A copy of the Loan Agreement is attached as **Exhibit 1** and incorporated herein by reference.

6.     The Borrowers' obligation to repay the Loan, with interest and other amounts, is evidenced by a U.S. Small Business Administration Note dated November 8, 2023 in the original principal amount of $2 million payable by the Borrowers to the order of the Lender (as successor to Capstar Bank) (the "Note"). A copy of the Note is attached as **Exhibit 2** and incorporated herein by reference.

7.     Pursuant to the Note, the Borrowers promised to make monthly payments of principal, interest and other amounts until maturity, as more particularly described in the Note.

8.     Pursuant to the Note, interest accrues on the unpaid principal balance thereof until repaid at the Prime Rate (as defined in the Note) plus a margin of 3.00% per annum.

9.     In addition, pursuant to the Note, for any payment of principal or interest due thereunder and not paid within ten (10) days after the date due, the Borrowers are required to pay to the Lender an amount equal to 5.00% of such payment.

10.    The Borrowers have failed to repay the Loan in accordance with the Note.

11. Specifically, the Borrowers have failed to make the monthly payments due under the Note on July 15, 2024, and thereafter.

12. The Borrowers failure to make payments as and when due under the Note constitutes a default under the Note.

13. The Defendant absolutely, unconditionally and irrevocably guarantees repayment of the Note pursuant to a U.S. Small Business Administration Unconditional Guarantee dated November 8, 2023, from the Defendant in favor of the Lender (as successor to Capstar Bank) (the "Guaranty"). A copy of the Guaranty is attached as **Exhibit 3** and incorporated herein by reference.

14. On account of the aforesaid default under the Note, by letter dated November 25, 2024 (the "First Demand Letter"), the Bank caused demand to be made upon the Obligors to pay the amounts then-past due under the Note and the Guaranty with respect thereto. A copy of the First Demand Letter is attached as **Exhibit 4** and incorporated herein by reference.

15. Despite the First Demand Letter, the Borrowers and the Defendant have failed to pay the amounts then-past due under the Note and the Guaranty with respect thereto.

16. Subsequently, the Bank has exercised its right to accelerate all amounts owed under the Note and the Guaranty with respect thereto.

17. By letter dated December 6, 2024 (the "Second Demand Letter"), the Bank caused demand to be made upon the Obligors to pay the accelerated amounts owed under the Note and the Guaranty with respect thereto. A copy of the Second Demand Letter is attached as **Exhibit 5** and incorporated herein by reference.

18. Despite the Second Demand Letter, the Obligors have failed to pay the accelerated amounts owed under the Note and the Guaranty with respect thereto.

19. As of January 7, 2025, there was due and owing under the Note and the Guaranty with respect thereto, the following amounts:

| | |
|---|---|
| Principal: | $ 1,953,692.08 |
| Accrued Interest: | $ 145,575.72 |
| Late Fees: | $ 9,846.20 |
| **Total:** | **$ 2,109,114.00** |

Thereafter, interest accrues on the aforesaid principal balance at the rate of $562.02 per day.

20. The Guaranty provides, in pertinent part:

> **CONFESSED JUDGMENT.** UPON THE OCCURRENCE OF A DEFAULT, GUARANTOR HEREBY AUTHORIZES ANY ATTORNEY DESIGNATED BY LENDER OR ANY CLERK OF ANY COURT OF RECORD TO APPEAR FOR GUARANTOR IN ANY COURT OF RECORD AND CONFESS JUDGMENT WITHOUT PRIOR HEARING AGAINST GUARANTOR IN FAVOR OF LENDER FOR, AND IN THE AMOUNT OF, THE UNPAID BALANCE OF THE PRINCIPAL AMOUNT OF THE NOTE, ALL INTEREST ACCRUED AND UNPAID THEREON, ALL OTHER AMOUNTS PAYABLE BY GUARANTOR TO LENDER UNDER THE TERMS OF THIS GUARANTEE OR ANY OTHER AGREEMENT, DOCUMENTS, INSTRUMENT EVIDENCING, SECURING OR GUARANTYING THE OBLIGATIONS EVIDENCED BY THIS GUARANTEE COSTS OF SUIT, AND ALL REASONABLE ATTORNEYS' FEES ACTUALLY INCURRED BY LENDER IN CONNECTION WITH ENFORCING ANY OF THE RIGHTS OR REMEDIES HEREUNDER. . . .

WHEREFORE, Old National Bank demands judgment by confession against Stephanie Rawlings-Blake a/k/a Stephanie C. Rawlings in the amount of $2,109,114.00, plus costs of suit and interest from and after January 8, 2025, at the rate of $562.02 per day.

*[signature appears on following page]*

*/s/ Jeffrey S. Greenberg*
Jeffrey S. Greenberg (Bar No. 29088)
Rosenberg Martin Greenberg, LLP
25 South Charles Street, 21st Floor
Baltimore, Maryland 21201
(410) 727-6600
jgreenberg@rosenbergmartin.com

*Attorney for Old National Bank*
